UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CEMENT MASONS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MERCOZA,<br><br>　　　　Defendant. | Case No. 24-cv-03427-LJC<br><br>**ORDER TO SHOW CAUSE WHY MOTION FOR DEFAULT JUDGMENT SHOULD NOT BE DENIED**<br><br>Re: Dkt. No. 22 |

## I.    INTRODUCTION

Plaintiffs' Motion for Default Judgment (ECF No. 22) is currently pending before the Court. It is not clear that Plaintiffs properly served process on Defendant Mercoza (Mercoza), raising questions as to both whether Plaintiffs' Motion should be denied and whether Mercoza's default should be set aside. Plaintiffs are therefore ORDERED TO SHOW CAUSE why the Motion for Default Judgment should not be denied and why Mercoza's default should not be set aside, by filing a response no later than August 28, 2025.

## II.    SERVICE OF PROCESS

As a threshold issue before Plaintiffs' pending Motion for Default Judgment (ECF No. 22) can be granted, the Court must determine that service of process was proper. *See Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Service must comply with Rule 4 of the Federal Rules of Civil Procedure. Under Rule 4(h), corporations may be served by:

> [D]elivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B).  Corporations may also be served in any manner allowed by state law.  Fed. R. Civ. P. 4(e)(1), (h)(1)(A).  Under California law, corporations may be served by delivering a copy of the summons and complaint "[t]o the person designated as agent for service of process" or "[t]o the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistance secretary […] a general manager, or a person authorized by the corporation to receive service of process."  Cal. Civ. P. Code § 416.10.  A summons and complaint may be served "by personal delivery" to the "person to be served" or through substitute service.  *Id.* §§ 415.10, 415.20.  Section 415.20(a) of the California Code of Civil Procedure governs substitute service, providing:

> In lieu of personal delivery of a copy of the summons and complaint…a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left….Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Plaintiffs contend that Mercoza was served via substitute service on October 8, 2024.  ECF No. 22 at 10.

Plaintiffs claim to have served Mercoza at 111 Broadway, Suite 300, Oakland, California via substitute service.  *Id.*  1111 Broadway, Suite 300, Oakland, California is a WeWork location.  *See* ECF No. 10 at 4, 6.  WeWork provides "flexible and/or shared office" and co-working spaces.  *RPB SA v. Hyla, Inc.*, No. LA CV20-04105, 2020 WL 12187801, at *8 n.8 (C.D. Cal. June 9, 2020); *Richter v. KRG Trading, Inc.*, No. CV 24-03622, 2025 WL 819041, at *5 (C.D. Cal. Jan. 30, 2025).  Plaintiffs first attempted to serve Mercoza at 1111 Broadway, Suite 300 on July 9, 2024.  ECF No. 10 at 4.  The receptionist at WeWork, identified as "Joji (Azn,M,20s,5'10,230lb,Blk Hair)" informed the process server that "the company and subject in question is no longer at this address."  *Id.*  Service was not completed.  *Id.*  On August 17, 2024, Mercoza's principal address on the California Secretary of State Website was updated from 2001

1   Omega Road, 215, San Ramon, to the WeWork location at 1111 Broadway, Suite 300 address.[1]

2   On August 22, 2024, Plaintiffs tried to serve Mercoza at the WeWork location a second time.

3   ECF No. 10 at 6.  The individual at the front desk, identified as "Joji (front desk Asian m 30's

4   5.10 229 bk hair)" again informed the process server that "nobody from Mercoza is located here

5   and that Jason Duran [Mercoza's CEO] does not work here."  *Id.*  Service was not completed.

6         Despite being informed in August 2024 that Mercoza was not located at 1111 Broadway,

7   Plaintiffs purport to have effectuated service on Mercoza at the same location in October 2024.

8   *See* ECF No. 12.  The proof of service states that a copy of the summons and complaint was left

9   with "John Doe refused name (Gender: M Age: 37 Height: 5'7" Weight: 220 Race: Asian Hair:

10  Black Other: ) – Person in charge" at 1111 Broadway, Suite 300, Oakland, California on October

11  8, 2024 at 10:53 in the morning.  ECF No. 12 at 2.  Another copy of the summons and complaint

12  was then mailed to Mercoza at the same address on October 11, 2024.  *Id.* at 4.

13        California Code of Civil Procedure section 415.20(a) requires that a copy of the summons

14  and complaint be left with the person "apparently in charge" of a corporation's office or mailing

15  address.  Here, the process server attests that he left the summons and complaint with an unnamed

16  John Doe, who is described as the "Person in charge[.]"  ECF No. 12 at 2.  Considering the proof

17  of service in isolation, there are "no facts to indicate that the John Doe was a person 'apparently in

18  charge' for purposes of § 415.20(a)."  *Renova Energy Corp. v. Cuevas*, No. 22-cv-00999, 2023

19  WL 2424860, at *3 (E.D. Cal. Mar. 9, 2023), *recommendation adopted,* 2023 WL 2895427 (E.D.

20  Cal. Apr. 11, 2023).  The Court is skeptical that the "formulaic and conclusory" statement in the

21  proof of service that John Doe was the "Person in charge[,]" lacking factual detail supporting this

22  conclusion, is sufficient to establish that John Doe was in fact authorized to accept service.  *Dytch*

23  *v. Bermudez*, No. 17-cv-02714, 2018 WL 2230945, at *3 (N.D. Cal. May 16, 2018); ECF No. 12

24  at 2.

---

[1] Courts may take judicial notice of facts "not subject to reasonable dispute[,]" including information "from reliable sources on the Internet, such websites run by governmental agencies." *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) (quotations omitted); Fed. R. Evid. 201; *see Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006).

United States District Court
Northern District of California

Comparing the October 2024 proof of service with the declarations of due diligence at ECF No. 10, it seems likely that the John Doe served on October 8, 2024, was "Joji," the WeWork receptionist who told the prior process servers that Mercoza was not located at 1111 Broadway. *See* ECF No. 10 at 4, 6. Although receptionists can certainly be persons "in charge" who can accept service of process, without a more fulsome record supporting that the receptionist understood the nature of the legal documents or provided the documents to Mercoza, on the existing record, the undersigned declines to find that the WeWork receptionist was a person "in charge" and thus authorized to accept service of process under section under 415.20(a).

Receptionists may be persons "in charge" under California Code of Civil Procedure section 415.20(a). The Southern District of California explained that "California courts and commonly used secondary sources have found that persons 'apparently in charge' may include secretaries, receptionists, and door keepers." *Vasic v. Pat. Health, L.L.C.,* No. 13cv849, 2013 WL 12076475, at *3 (S.D. Cal. Nov. 26, 2013). In *Vasic*, the court found that substitute service on a company through delivery of the summons and complaint on the company's receptionist was adequate where the receptionist had "significant authority to accept service of process on behalf of Schultz [defendants' agent authorized to accept service] because the receptionist was the face of the joint headquarters for both Defendants, the receptionist appeared to be the only individual available to accept service of process at the time service was effectuated, and the receptionist informed the process server that she would give the documents to Schultz, thereby evidencing that the receptionist understood the nature of the legal documents she had been given." *Id.* (quotations omitted).

In contrast, there is no indication that the WeWork receptionist had authority to accept service of process for Mercoza, that he gave the summons and complaint to Mercoza, or that he "understood the nature of the legal documents" he had received. *Id.*; ECF No. 12 at 4. The prior proofs of service indicate that the receptionist worked for WeWork, not Mercoza. *See* ECF No. 10. WeWork is a co-working location; presumably numerous companies used the 1111 Broadway, Suite 300 location and there is no indication that the receptionist had a particular obligation or relationship to individual companies who used the co-working space. *See Sanchez v.*

4

*Ghost Mgmt. Grp., LLC*, No. SACV19-00442, 2021 WL 2420162, at *2 (C.D. Cal. Feb. 8, 2021) (noting that the receptionist at a WeWork shared office space had "no clear connection" to the defendant who listed the WeWork office space as its mailing address). Moreover, in August 2024 (after Mercoza had changed its principal address on the California Secretary of State Website to the WeWork address), the WeWork receptionist informed a process server that "nobody from Mercoza is located here and that Jason Duran does not work here." ECF No. 10 at 6. Based on the record before it, the Court is concerned that the WeWork receptionist did not have the requisite relationship with Mercoza to accept substitute service of process.

Although California statutes regarding service of process are to be "liberally construed," substitute service must be made "upon a person whose relationship with the person to be served makes it more likely than not that they will deliver process to the named party." *Bein v. Brechtel-Jochim Grp., Inc.*, 6 Cal. App. 4th 1387, 1392 (1992) (quotations omitted); *see Pasadena Medi-Ctr. Assocs. v. Superior Ct.*, 9 Cal. 3d 773, 778 (1973). Unlike in *Bein*, where the Court of Appeal determined that substitute service on a gate guard was proper because the appellants challenging service had "authorized the guard to control access to them and their residence" and such relationship ensured "delivery of process," the record does not support that Mercoza and the WeWork receptionist had such a relationship. *Bein*, 6 Cal. App. 4th at 1392.[2]

The undersigned accordingly orders Plaintiffs to file a response with supporting declarations showing cause as to why the WeWork receptionist is an appropriate person "in charge" to accept service of process, or otherwise showing that service was completed pursuant to Rule 4 of the Federal Rules of Civil Procedure. Plaintiffs' response should address, *inter alia*,

---

[2] The Court has similar concerns regarding sufficiency of service of process pursuant to Federal Rule of Civil Procedure 4(h), which authorizes service of a corporation by delivering a copy of the summons and complaint to an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and … by also mailing a copy of each to the defendant." Although the Ninth Circuit has explained that service under Rule 4(h) is not literally limited to officers or agents and may be made "upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service[,]" given the minimal information regarding the relationship between the WeWork receptionist and Mercoza, the Court is hesitant to find that Plaintiffs have properly served Mercoza pursuant to Rule 4(h) based on the record before it. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

5

1 whether the receptionist had "authority to accept service of process on behalf of" Mercoza,
2 whether the receptionist indicated that he would give the documents to Mercoza, and whether the
3 receptionist indicated that he understood the nature of the documents. *Vasic*, 2013 WL 12076475,
4 at *3.

### III. CONCLUSION

Plaintiffs are ORDERED TO SHOW CAUSE why their Motion for Default Judgment should not be denied for failure to establish effective service of process, and why Mercoza's default should not be set aside for the same reason. Plaintiffs' response shall be filed by August 28, 2025.

**IT IS SO ORDERED.**

Dated: August 18, 2025

LISA J. CISNEROS
United States Magistrate Judge