1

2

3

4                                    UNITED STATES DISTRICT COURT

5                                  NORTHERN DISTRICT OF CALIFORNIA

6

7    BOARD OF TRUSTEES OF THE                      Case No. 24-cv-03427-LJC
     CEMENT MASONS HEALTH AND
8    WELFARE TRUST FUND FOR
     NORTHERN CALIFORNIA, et al.,                  **ORDER GRANTING APPLICATION
9                                                  FOR SERVICE VIA THE CALIFORNIA
                    Plaintiffs,                    SECRETARY OF STATE; RESOLVING
10                                                 MOTION FOR DEFAULT
            v.                                     JUDGMENT; DISCHARGING ORDER
11                                                 TO SHOW CAUSE**
     MERCOZA,
12                                                 Re: Dkt. Nos. 22, 33
                    Defendant.
13

14

15          The undersigned ordered Plaintiffs to show cause why their pending motion for default

16   judgment should not be denied for failure to serve Defendant Mercoza in compliance with Federal

17   Rule of Procedure 4 and California Code of Civil Procedure Sections 416.10 and 415.20(a).  ECF

18   No. 32.  Plaintiffs responded, arguing that substitute service on Mercoza had been effectuated by

19   mailing the summons and complaint to Mercoza's P.O. box and delivering the summons and

20   complaint to the front desk at the WeWork location where Mercoza maintained its physical

21   address.  ECF No. 33.  In the alternative, Plaintiffs argued that they should be permitted to serve

22   Mercoza through the California Secretary of State.  *Id.*

23          California Corporations Code § 1702(a) allows for substituted service on a corporation by

24   "delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's

25   office in the capacity of assistant or deputy, one copy of the process for each defendant to be

26   served, together with a copy of the order authorizing such service."  Courts may order service via

27   this method if:

28               [A]n agent for the purpose of service of process has resigned and has

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6

not been replaced or if the agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process, or if no agent has been designated, and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20 or subdivision (a) of Section 415.30 of the Code of Civil Procedure or upon the corporation in the manner provided in subdivision (a), (b), or (c) of Section 416.10 or subdivision (a) of Section 416.20 of the Code of Civil Procedure[.]

7    Plaintiffs have gone to great lengths to effectuate service on Defendant Mercoza, including

8    employing two process server companies to try to serve Mercoza at the WeWork location, hiring a

9    private investigator to verify Mercoza's physical address, and attempting to verify that Mercoza

10   could receive packages at the WeWork location.  See ECF Nos. 10, 12, 34, 35.  The Court finds

11   that Plaintiffs have demonstrated that Mercoza cannot be served with reasonable diligence in the

12   manners provided by California Code of Civil Procedure Sections 415.20 or 416.10.  The Court is

13   concerned that Mercoza may have taken steps to evade service, rendering it difficult for Plaintiffs

14   to serve it through ordinary means.  ECF No. 35 ¶¶ 6-10.  The Court notes that, in *Operating*

15   *Engineers Health and Welfare Trust Fund, et al., v. Mercoza, et al.*, Hon. Magistrate Judge Beeler

16   authorized substitute service on Mercoza via the California Secretary of State, as the plaintiffs

17   were unable to serve Mercoza through other means despite their diligent efforts to complete

18   service.  *See* ECF No. 36-5 (Order Authorizing Service) at 2-3.[1]

19        Accordingly, the Court authorizes service on Mercoza via the California Secretary of State.

20   The Order to Show Cause is accordingly discharged.  As the Court has granted Plaintiffs'

21   alternative request for authorization to serve Mercoza via the California Secretary of State, the

22   Court deems Plaintiffs' motion for default judgment withdrawn without prejudice.  Once Plaintiffs

23   have served Mercoza via the California of Secretary of State, they shall file a request to renew

24   their motion and a supplemental declaration attesting that service has been effectuated.  They are

25   not required to refile their motion for default judgment and the undersigned will issue a Report

26

27   [1] The Court GRANTS Plaintiffs' request for judicial notice (ECF No. 36), as the five documents Plaintiffs wish the Court to take notice of are "not subject to reasonable dispute because" their

28   accuracy "can be accurately and readily determined sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

2

1    and Recommendation on the merits of the motion for default judgment if service on Mercoza is

2    effectuated.

3

4        **IT IS SO ORDERED.**

5    Dated: August 29, 2025

6

7    _____

8    LISA J. CISNEROS
     United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28